IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathan E. Jacobs, | ) | C/A No. 0:15-2514-SB-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Berrios, *Mr., Unit Manager*; Vialapanda, | ) | |
| *Mr.,Unit Manager*; Whalen, *Mr., Case* | ) | |
| *Manager*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Nathan E. Jacobs, a self-represented federal prisoner, brings this action alleging

a violation of his rights under the Privacy Act, 5 U.S.C. §§ 552a, et seq.  This matter, which was

transferred from the United States District Court for the District of Columbia, is before the court

pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  Having reviewed the

Amended Complaint in accordance with applicable law, the court concludes that it should be

summarily dismissed without prejudice and without issuance and service of process.[1]

I.      **Procedural Background**

Plaintiff's Complaint, which is difficult to follow, appears to allege that a "Special Team"

at FCI Williamsburg "fabricated a false claim" of threatening a staff member against Plaintiff on

April 2, 2015.  (ECF No. 14-1 at 2.)  Plaintiff indicates that this inaccurate information was not

corrected pursuant to his request under the Privacy Act.  (Id. at 1.)  Plaintiff further appears to allege

problems with disciplinary proceedings to include a failure to provide "discipline information" such

_____

[1] To preserve issues in this case and to give liberal construction to the pleadings, Plaintiff's
Complaint (ECF No. 1) has been appended to his Amended Complaint (ECF No. 14) as an
attachment (ECF No. 14-1).



as copies of incident reports and sanctions.  (Id. at 2.)  Plaintiff claims that the denial of such information has frustrated his attempt to administratively exhaust these claims.  (Id.)  Plaintiff also complains that he has remained in segregated confinement beyond his sanction period.  (Id.) Defendants Berrios, Vialapanda, and Whalen are named as Bureau of Prison employees allegedly responsible for maintaining correct records.  (Id.)

In the Amended Complaint, Plaintiff claims that two federal judges "watershedded" Plaintiff's "statement of claim information" and that Agent Scott A. Rechtzigel, an employee of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"),  served inaccurate arrest warrants on Plaintiff in September and October of 2001.  (ECF No. 14 at 1.)  Plaintiff also appears to claim that Rechtzigel "helped subordinate Detroit police officers cover-up an illegal arrest" in August of 2001, and that the following individuals "co-conspired to convict Plaintiff":  Judge Robert H. Cleland; AUSA Patricia C. Vetz; AUSA Elizabeth Stafford; Scott A. Rechtzigel; Federal Public Defender Richard J. O'Neill; Attorney Timothy P. Murphy.  (Id. at 1-2.)  As Plaintiff begins his "statement of facts" after this information, it appears to be included as a background for Plaintiff's Privacy Act claim.[2]

In regard to the Privacy Act claim, Plaintiff alleges that the defendants "failed to perform their agency's contractual duties . . . to correct or amend [Plaintiff's] classification (erroneous) information" within the prison's records.  (ECF No. 14 at 2.)  In addition to Defendants Berrios, Vialapanda, and Whalen, the Amended Complaint lists other individuals that Plaintiff appears to believe are associated with his Privacy Act claim:  S. Carr; Mr. Meeks; Mr. Fosley; Mr. Bennett;

---

[2] The court notes that Plaintiff did not provide any service documents for the individuals allegedly involved in his arrest and conviction.  Thus, they do not appear to be intended as defendants in this case.



Mr. Batts; Mr. Words; and Mr. Williams.[3]  (Id.)  Plaintiff seeks injunctive relief, monetary damages, and a writ of mandamus.[4]  (Id. at 4-5.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a

---

[3] Despite being directed to submit his claims on a standard complaint form (ECF No. 12 at 2), Plaintiff's Amended Complaint contains only the "statement of claim" and "relief" sections. (ECF No. 14.)  As Plaintiff failed to include a caption or "parties" section, it is unclear whether Plaintiff intended to add defendants to this case.  Thus, the docket reflects only the originally named defendants:  Berrios; Vialapanda; and Whalen.  However, because Plaintiff provided Forms USM-285 for these defendants, any potential claims against them are addressed below.

[4] Mandamus relief is a drastic remedy used in extraordinary circumstances, see Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976), where the plaintiff has a clear right to the relief sought and "no other adequate remedy is available."  In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988).  The court notes that Plaintiff provides no factual allegations to plausibly suggest that he is entitled to such relief in this case.



defendant who is immune from such relief."[5]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

---

[5] Screening pursuant to § 1915A is subject to this standard as well.

PJG

or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.    Analysis

#### 1.    Privacy Act Claims

Under the Privacy Act, an individual may bring an action against a federal agency for damages if the agency intentionally and willfully fails to maintain the individual's records in an appropriate manner. 5 U.S.C. § 552a(g)(1)(C), (4). However, while the Privacy Act authorizes suits against agencies, it does not authorize suits against individual employees of an agency. <u>See</u> <u>Chesser v. Chesser</u>, 600 F. App'x 900, 901 n.3 (4th Cir. 2015) (citing 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(1) and <u>Martinez v. Bureau of Prisons</u>, 444 F.3d 620, 624 (D.C. Cir. 2006)). Thus, Defendants Berrios, Vialapanda, and Whalen are improper defendants with regard to Plaintiff's Privacy Act claims. The following individuals listed in the Amended Complaint would likewise be entitled to summary dismissal if construed as defendants in this case: S. Carr; Mr. Meeks; Mr. Fosley; Mr. Bennett; Mr. Batts; Mr. Words; and Mr. Williams.

Further, permitting Plaintiff to further amend the Amended Complaint to name the Bureau of Prisons would be futile. The Privacy Act allows federal agencies to enact regulations exempting themselves from various provisions of the Act. <u>See</u> 5 U.S.C. § 552a(j). The BOP has enacted such a regulation, 28 C.F.R. § 16.97(a), making the Inmate Central Record System exempt from the Privacy Act. <u>See</u> <u>Queen v. Fed. Bureau of Prisons</u>, C/A No. 2:12-676-SB, 2012 WL 2130973, at *1 (D.S.C. June 8, 2012). Thus, even if the BOP were named as a defendant, Plaintiff's Privacy Act claim would fail as a matter of law.

PJG

## 2.    Other Federal Claims—Insufficient Factual Allegations

Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim and must provide sufficient factual information to put defendants on notice of their wrongdoing. See Iqbal, 556 U.S. at 677-79; Twombly, 550 U.S. at 555; see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Further, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997) (holding that an official must be personally involved in the alleged deprivation before liability may be imposed). He must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 570 (holding that a plaintiff must provide sufficient factual allegations to "nudg[e] [the] claims across the line from conceivable to plausible").

In this case, Plaintiff appears to allege constitutional violations to include a denial of due process under the Fourteenth Amendment during disciplinary proceedings and a denial of his right to court access under the First Amendment. (ECF No. 14-1 at 1-2.) Such claims are analyzed under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. Plaintiff also cites to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, et seq., when discussing "prior predicate charges" related to his conviction. (ECF No. 14 at 2.) However, Plaintiff provides insufficient factual allegations to plausibly suggest that Defendants Berrios, Vialapanda, Whalen, or any of the other

PJG

individuals listed in the Amended Complaint, violated Plaintiff's constitutional rights or any

provisions of the FOIA.  Accordingly, any such claims asserted by Plaintiff are subject to summary

dismissal.[6]  See Iqbal, 556 U.S. at 678-79 (holding that the reviewing court need only accept as true

the complaint's factual allegations, not its legal conclusions).

### 3.    Contract Claims

Because the Amended Complaint's federal claims are recommended for summary dismissal,

the district court should decline to exercise supplemental jurisdiction over any state law causes of

action, to include any contract claim, raised in this case.  See 28 U.S.C. § 1367(c)(3); see also United

Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va.,

---

[6] Moreover, to the extent Plaintiff intended to sue the individuals involved in his 2001 arrest and subsequent prosecution or conviction for alleged constitutional violations, he fails to state a claim upon which relief may be granted. (ECF No. 14 at 1-2.)  In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can show that the conviction or sentence has been previously invalidated.  In this case, Plaintiff provides no information to show that his conviction has been successfully challenged or invalidated.  Thus, any constitutional claims associated with Plaintiff's arrest and conviction would be barred by the favorable determination requirement pronounced in Heck.

Plaintiff also alludes to possible constitutional claims against the United States.  (ECF No. 14 at 5.)  However, under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent.  See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (declining to extend Bivens to permit suit against a federal agency); Global Mail Ltd. v. United States Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998) (holding that a federal governmental entity is entitled to sovereign immunity unless Congress waives that immunity and consents to suit). "[T]he United States has not waived sovereign immunity in suits claiming constitutional torts." Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Bivens did not abolish the doctrine of sovereign immunity of the United States."). Thus, the United States of America is immune from any constitutional claims asserted by Plaintiff.



290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no

federal claims remained in the case).[7]

## III.   Conclusion

For the foregoing reasons, it is recommended that the Amended Complaint be dismissed

without prejudice and without issuance and service of process.

_____

October 7, 2015                                              Paige J. Gossett
Columbia, South Carolina                         UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

---

[7] To the extent Plaintiff may be alleging the breach of an implied or express contract by the United States, the Tucker Act vests exclusive jurisdiction over such claims in the United States Court of Federal Claims.  See 28 U.S.C. § 1491(a)(1); see also Bowen v. Massachusetts, 487 U.S. 879, 910 n.48 (1988).  While a district court may exercise concurrent jurisdiction over a Tucker Act claim seeking under $10,000, see 28 U.S.C. § 1346(a)(2), the instant Amended Complaint seeks sixteen billion dollars in damages from the United States.  (ECF No. 14 at 5.)  Thus, this court lacks concurrent jurisdiction over any contract claim Plaintiff may be asserting against the United States. See Portsmouth Redevelopment and Hous. Auth. v. Pierce, 706 F.2d 471, 473 (4th Cir. 1983) (discussing Tucker Act conditions which vest subject matter jurisdiction exclusively in the Court of Federal Claims.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).