IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
[USDC CLERK CHARLESTON, SC]

2015 NOV 19  A 8: 57

| | |
|---|---|
| Nathan E. Jacobs, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 0:15-2514-SB |
| ) | |
| Berrios, Mr., *Unit Manager*, ) | **ORDER** |
| Vialapanda, Mr., *Unit Manager*, ) | |
| Whalen, Mr., *Case Manager*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon the *pro se* Plaintiff's complaint filed pursuant to the Privacy Act, 5 U.S.C. § 522a *et seq.* Pursuant to Local Rule 73.02(B)(2)(a), the matter was referred to a United States Magistrate Judge for preliminary review.

On October 7, 2015, Magistrate Judge Paige J. Gossett issued a report and recommendation ("R&R"), summarizing the Plaintiff's claims and recommending that the Court dismiss the Plaintiff's amended complaint without prejudice and without issuance and service of process. In the R&R, the Magistrate Judge first noted that the Privacy Act does not authorize suits against individual employees of an agency, thereby entitling Defendants Berrios, Vialapanda, and Whalen to summary dismissal (as well as entitling S. Carr, Mr. Meeks, Mr. Fosley, Mr. Bennett, Mr. Batts, Mr. Woods, and Mr. Williams to summary dismissal to the extent they should be construed as Defendants in this case). See Chesser v. Chesser, 600 F. App'x 900, 901 n.3 (4th Cir. 2015 (citing 5 U.S.C. §§ 551(a)(4)(B), 552a(g)(1), and Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006)). In addition, the Magistrate Judge noted that permitting the Plaintiff to further amend his complaint to name the Bureau of Prisons as a Defendant would be futile

because the Bureau of Prisons has enacted a regulation exempting itself from the Privacy Act provisions. See 5 U.S.C. § 522a(j); 28 C.F.R. § 16.97(a); Queen v. Fed. Bureau of Prisons, No. 2:12-676-SB, 2012 WL 2130973, at *1 (D.S.C. June 8, 2012). Next, the Magistrate Judge determined that the Plaintiff provided insufficient factual information to state a plausible constitutional claim against the Defendants. Lastly, the Magistrate Judge suggested that the Court decline to exercise supplemental jurisdiction over any remaining state law claims. Attached the R&R was a notice advising the Petitioner of his right to file written, specific objections to the R&R within fourteen days of receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In lieu of filing objections, the Plaintiff filed a largely indiscernible "ex parte motion supplementing supporting subjecting a summons for correctional programs administrator

2

("CPA") for relief sought to be granted." The Court has reviewed this motion and finds that it does not alter any of the Magistrate Judge's factual or legal conclusions. Accordingly, the Court denies this motion (Entry 25). Finally, after a review of the record, the applicable law, and the findings and recommendations of the Magistrate Judge, the Court finds no clear error in the R&R (Entry 23) and therefore adopts it and dismisses this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

November 18, 2015
Charleston, South Carolina

#3