IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathan E. Jacobs,<br><br>   Plaintiff,<br><br>v.<br><br>Berrios, Mr., *Unit Manager*,<br>Vialapanda, Mr., *Unit Manager*,<br>Whalen, Mr., *Case Manager*,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 0:15-2514-SB<br>)<br>) **ORDER**<br>)<br>)<br>)<br>)<br>) |



This matter is before the Court upon the *pro se* Plaintiff's complaint filed pursuant to the Privacy Act, 5 U.S.C. § 522a *et seq.* Pursuant to Local Rule 73.02(B)(2)(a), the matter was referred to a United States Magistrate Judge for preliminary review.

On October 7, 2015, Magistrate Judge Paige J. Gossett issued a report and recommendation ("R&R"), summarizing the Plaintiff's claims and recommending that the Court dismiss the Plaintiff's amended complaint without prejudice and without issuance and service of process. In the R&R, the Magistrate Judge first noted that the Privacy Act does not authorize suits against individual employees of an agency, thereby entitling Defendants Berrios, Vialapanda, and Whalen to summary dismissal (as well as entitling S. Carr, Mr. Meeks, Mr. Fosley, Mr. Bennett, Mr. Batts, Mr. Woods, and Mr. Williams to summary dismissal to the extent they are construed as Defendants in this case). See Chesser v. Chesser, 600 F. App'x 900, 901 n.3 (4th Cir. 2015) (citing 5 U.S.C. §§ 551(a)(4)(B), 552a(g)(1), and Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006)). In addition, the Magistrate Judge noted that permitting the Plaintiff to further amend his complaint to name the Bureau of Prisons as a Defendant would be futile

because the Bureau of Prisons has enacted a regulation exempting itself from the Privacy Act provisions. See 5 U.S.C. § 522a(j); 28 C.F.R. § 16.97(a); Queen v. Fed. Bureau of Prisons, No. 2:12-676-SB, 2012 WL 2130973, at *1 (D.S.C. June 8, 2012). Next, the Magistrate Judge determined that the Plaintiff provided insufficient factual information to state a plausible constitutional claim against the Defendants. Lastly, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over any remaining state law claims.

The R&R was filed on October 7, 2015, but it was returned as undeliverable on October 23, 2015. In the meantime, on October 19, the Plaintiff filed an "ex parte motion supplementing supporting subjecting a summons for correctional programs administrator ("CPA") for relief sought to be granted," which was docketed as a motion to amend. After the R&R was returned as undeliverable, the Court re-mailed it to the address contained in the Plaintiff's October 19 filing and extended the Plaintiff's time for filing objections to November 16. When the Court did not receive objections by the deadline, it entered an order adopting the R&R and dismissing the action without prejudice and without issuance and service of process. However, the Court subsequently received objections, which appear to have been mailed on November 12. Therefore, the Court vacated its order for consideration of the Plaintiff's objections.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in

part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Here, after a review of the Plaintiff's objections, the Court finds them without merit and adopts the R&R and dismisses this action without prejudice and without issuance and service of process. In his objections, which are somewhat difficult to decipher, the Plaintiff reiterates his claim that he is actually innocent of violating section 922(g), and he claims that his original indictment and arrest warrant were falsified by a task force agent, who is not named as a Defendant. He further complains that this inaccurate information is being used against him within the Bureau of Prisons' records system, in violation of the Privacy Act and in violation of his constitutional rights. The Plaintiff states that his "actual innocence claim is based on his assertion that had a juror known the above exculpatory evidence was withheld at trial proceedings, that in light of all the evidence it was more likely than not no reasonable juror would have convicted Mr. Jacobs." (Entry 37 at 4.)

First, as the Magistrate Judge noted, although the Privacy Act authorizes suits against federal agencies, it does not authorize suits against individual employees of an agency. Furthermore, the Privacy Act allows federal agencies to enact regulations exempting themselves from various provisions of the Act, which the Bureau of Prisons has done, 28 C.F.R. § 16.97(a), making the Inmate Central Record System exempt from the Privacy Act. Thus, the Court agrees with the Magistrate Judge that the Plaintiff's Privacy Act claim (to the extent he intends to assert such a claim) fails as a matter of law.

Next, the Court also agrees with the Magistrate Judge that the Plaintiff has failed to plead sufficient facts to state a plausible federal claim against the Defendants. Moreover, the Court notes that the Plaintiff's claims are not cognizable under section 1983 to the

3

extent the claims implicitly question the validity of his conviction or duration of his sentence, as the Plaintiff has not shown that the conviction or sentence has been overturned or invalidated. See Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Finally, to the extent the Plaintiff asserts state law claims, the Court declines to exercise supplemental jurisdiction over those claims.

In conclusion, the Court denies the Plaintiff's "ex parte motion supplementing supporting subjecting a summons for correctional programs administrator ("CPA") for relief sought to be granted" (Entry 25), and the Court overrules the Plaintiff's objections (Entry 37). The Court adopts the R&R (Entry 23) in full and dismisses this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

January ~~December~~ 21, 2016
Charleston, South Carolina

4